DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **RICHARD MATTHEWS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LAW ENFROCEMENT SUPERVISOR'S** )<br>**UNION, GOVERNMENT OF THE** )<br>**VIRGIN ISLANDS, RAY MARTINEZ,** )<br>**AND UNKNOWN CO-CONSPIRATORS.**[1] )<br>_____) | Civil Action No. 2024-0005 |

**APPEARANCES:**
**Richard Matthews**
  *Pro Se*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff's "Motion for Interim Injunction" (Dkt. No. 1), in which Plaintiff seeks immediate relief in the form of a subpoena(s) for all of Plaintiff's medical records and an interim injunction stopping "any use of fraudulent misdiagnoses and misinformation in Plaintiff['s] medical records." (Dkt. No. 1 at 4-5). While Plaintiff seeks immediate interim relief, Plaintiff's Motion acknowledges that he has not filed a complaint. *Id.* at 1).[2]

---

[1] Plaintiff has not filed his Complaint. Accordingly, the case caption does not designate as Defendants the entities and individuals who Plaintiff's "Motion for Interim Injunction" listed as Defendants.

[2] In a separate action, Plaintiff has filed a "Notice for Removal" of a "connected" appeal from a Virgin Islands Superior Court, Family Division matter. (Civ. Act. No. 24-0007, Dkt. No. 1). While Plaintiff asserts that the matters are "connected," *id.* at 1, from the face of the instant Motion it appears that Plaintiff contemplates the instant action to be based on a separate, but unfiled complaint. (Dkt. No. 1 at 1, 4).

1

Pursuant to Federal Rule of Civil Procedure 3, "the first step in an action is the filing of the complaint." Fed. R. Civ. P. 3. "The requirement that all plaintiffs must file a complaint is a fundamental rule in our legal system. Without a complaint, the Court cannot ascertain the basis for jurisdiction." *Kaufman v. Werlich*, 2020 U.S. Dist. LEXIS 16939, at *2 (S.D. Ill. Jan. 31, 2020) (explaining that "the Court will not engage in a guessing game."). A complaint is a necessary first step "even where a plaintiff seeks equitable relief such as through a motion for a preliminary injunction or TRO." *Goldwire v. Mohr*, 2017 U.S. Dist. LEXIS 175299, at *4 (S.D. Ohio Oct. 23, 2017) ("[E]very lawsuit must be initiated by the filing of a complaint."); *Wilhelm v. Aung*, 2023 U.S. Dist. LEXIS 106321, at *6 (E.D. Cal. June 16, 2023) ("The court will not issue any orders granting or denying injunctive relief until an action has been properly commenced.").

Accordingly, the Court must deny Plaintiff's Motion in the absence of a complaint. In view of the foregoing, it is hereby

**ORDERED** that Plaintiff's "Motion for Interim Injunction" (Dkt. No. 1) is **DENIED**.

**SO ORDERED**

Date: May 3, 2024                              _____/s/_____
                                               WILMA A. LEWIS
                                               District Judge