DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

RICHARD MATTHEWS, )
)
          Plaintiff, )
v. ) Civil Action No. 2024-0005
)
JAMALE R. GRIFFIN, RAY MARTINEZ, )
KATHRYN B. JENSEN de LUGO, )
DENESE MARSHALL, JEWEL V. OWEN, )
G. RITA DUDLEY-GRANT, LINDSY WAGNER, )
LORI THOMPSON, and CHRISTOPHER KROBLIN, )
)
          Defendants. )
)

**Appearances:**

**Richard Matthews,** *Pro Se*

**Chivonne A.S. Thomas, Esq.**
Miami, FL
    *For Defendants Jewel V. Owen, G. Rita Dudley-Grant,*
      *Lindsy Wagner, Lori Thompson*

**Shari N. D'Andrade, Esq.**
St. Croix, U.S.V.I.
    *For Defendant Christopher Kroblin*

## MEMORANDUM OPINION

**Lewis, Senior District Judge**

    THIS MATTER comes before the Court on Magistrate Judge Emile A. Henderson III's Report and Recommendation ("R&R") recommending that the Court deny Plaintiff Richard Matthews' ("Plaintiff") "Motion for Reconsideration" (Dkt. No. 6); deny Plaintiff's "Motion for Interim Injunction" (Dkt. No. 1) on the merits;[1] deny as moot Defendant Christopher Kroblin's

---

[1] As discussed herein, the Court had earlier denied Plaintiff's Motion for Preliminary Injunction because Plaintiff had not yet filed a complaint. (Dkt. No. 3).

("Kroblin") "Motion to Dismiss for Improper Service" (Dkt. No. 25); deny as moot Plaintiff's "Motion to Dismiss Christopher Kroblin from Lawsuit" ("Motion to Dismiss Kroblin") (Dkt. No. 36); and grant Plaintiff's "Motion to Withdraw Plaintiff's Motion to Dismiss Christopher Kroblin from Lawsuit" ("Motion to Withdraw") (Dkt. No. 37). (Dkt. No. 43). Based on a preliminary assessment of Plaintiff's "First Amended Complaint" ("Amended Complaint") (Dkt. No. 34-2) for compliance with Rule 8 of the Federal Rules of Civil Procedure, the Magistrate Judge also recommends that the Amended Complaint be permitted to proceed.[2] *Id.* Purportedly as objections, Plaintiff submitted additional background information in response to the R&R in what he titled a "Reply Memorandum to Objections to Report and Recommendations" ("Reply Memorandum"). (Dkt. No. 59).

For the reasons discussed below, the Court will adopt as supplemented herein the Magistrate Judge's R&R. Specifically, the Court will deny Plaintiff's Motion for Reconsideration; deny Plaintiff's Motion for Interim Injunction on the merits; deny as moot Kroblin's Motion to Dismiss; deny as moot Plaintiff's Motion to Dismiss Kroblin; and grant Plaintiff's Motion to Withdraw. The Court will also permit Plaintiff's Amended Complaint to proceed.

## I.    BACKGROUND

On March 27, 2024, Plaintiff attempted to initiate the instant action by filing a Motion for Interim Injunction without filing a complaint. (Dkt. No. 1). Thereafter, on May 3, 2024, the Court issued a Memorandum Opinion and Order denying Plaintiff's Motion for Interim Injunction without prejudice because Plaintiff could not proceed without first filing a complaint. (Dkt. No. 3). Plaintiff then filed a Complaint and a Motion for Reconsideration. (Dkt. Nos. 5 and 6).

---

[2] The Court referred Plaintiff's initial Complaint for a preliminary screening to the Magistrate Judge. (Dkt. No. 22). However, at the time of the Magistrate Judge's R&R, Plaintiff had already filed an Amended Complaint (Dkt. No. 34-2), which therefore became the focus of the R&R.

On June 3, 2024, the Court referred Plaintiff's Motion for Reconsideration for a Report and Recommendation and the Complaint for a preliminary screening. (Dkt. No. 22). Thereafter, the Court also referred to the Magistrate Judge all pending and future non-dispositive Motions in this matter for final disposition, and all pending and future dispositive matters for R&Rs. (Dkt. No. 29).

On June 6, 2024, Kroblin filed a Motion to Dismiss for Improper Service. (Dkt. No. 25). In his Motion, Kroblin argues, *inter alia*, that Matthews—in violation of Federal Rule of Civil Procedure 4—failed to properly effect service on him in that Matthews mailed the summons with a flash drive to Kroblin's office. (Dkt. No. 26 at 1). Thus, Kroblin argues that the Court lacks jurisdiction over him and the Complaint must be dismissed. *Id.*

Plaintiff then filed a Motion to Dismiss Kroblin. (Dkt. No. 36). In that Motion, Plaintiff requests that Kroblin be dismissed from the lawsuit pending voluntary mediation between him and Kroblin. *Id.* Plaintiff explains that he and Kroblin had signed an engagement letter dated March 25, 2014; the engagement letter provides that Plaintiff or Kroblin could voluntarily request mediation in the event of any disputes arising out of their agreement; and that counsel for Kroblin had written a letter to Matthews requesting that he participate in mediation. *Id.*

On the next day, Plaintiff filed a Motion to Withdraw his Motion to Dismiss Kroblin. (Dkt. No. 37). In support of his Motion to Withdraw, Plaintiff argues that although he "may be 'bound' to release Kroblin from the lawsuit" (*id.* at 2), Kroblin should be required to respond to the Amended Complaint. *Id.* Plaintiff also states that he did not include legal authority in support of his Motion to Dismiss Kroblin in violation of Local Rule 7.1, and further claims that by filing the Amended Complaint, it had mooted the Motion to Dismiss Kroblin. *Id.* at 2, 3.

After the Magistrate Judge issued the R&R, Plaintiff filed a "Reply Memorandum" in

which he asserts that he "object[s] to some areas in the R&R." (Dkt. No. 59). Plaintiff states that his "objection" may fall into four categories: "omission, clarification, incorrect statement, and Plaintiff's perspective." *Id.* at 1. Plaintiff then provides additional background in response to two statements in the Background section of the Magistrate Judge's R&R.[3]

## II.    APPLICABLE LEGAL PRINCIPLES

A party may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). The objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3.

When reviewing a report and recommendation, a district judge must review *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Supreme Court has instructed that, although 28 U.S.C. § 636 does not require the judge to conduct a *de novo* review if no objections are filed, the statute "does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). Accordingly, the Third

---

[3] The two statements to which Plaintiff responds with additional information are: 1) "It is unclear if [Plaintiff] reviewed his medical records from the other psychologists, Marshall, Owen, and Thompson, but he suffered substantial damages and did not know what was going on."; and 2) "Matthews simply stated his intention to file a Motion to Seal." (Dkt. No. 59).

4

Circuit has held that, even in the absence of objections to a report and recommendation, a district court should "afford some level of review to dispositive legal issues raised by the report." *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)); *see also Ellenburg v. Virgin Islands*, No. CV 23-0035, 2024 WL 4366906, at *1 (D.V.I. Sept. 30, 2024) (citing *Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011) ("Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate." (internal quotation omitted) (citation omitted)). The Third Circuit has described this level of review as "reasoned consideration." *Equal Emp. Opportunity Comm'n*, 866 F.3d at 100.

The Advisory Committee Notes to the 1983 Amendments to Rule 72(b) of the Federal Rules of Civil Procedure state: "[W]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Some district courts have also adopted a "clear error" or "manifest injustice" standard for the review of those portions of a report and recommendation that are not contested. *Massie v. Finley*, No. 1:19-CV-01201, 2021 WL 11108887, at *1 (M.D. Pa. June 2, 2021) (quoting 1983 Advisory Committee Notes that the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Cruz v. Chater*, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (noting that court's review is limited to ascertaining whether there is "clear error on the face of the record'"); *see also Pratt v. Marsh*, No. 19-CV-00416, 2021 WL 2188576, at *8 (E.D. Pa. May 28, 2021), *aff'd sub nom. Pratt v. Superintendent Benner Twp. SCI*, No. 21-2328, 2023 WL 5607516 (3d Cir. Aug. 30, 2023) (internal citations omitted) ("Uncontested portions of a report and recommendation, as well as portions to which untimely or general objections are made . . . at the very least . . . should be reviewed for clear error or manifest injustice."). In passing, a

panel of the Third Circuit has appeared to accept this standard. *See Seamon v. Shapiro*, No. 24-1451, 2025 WL 88837, at *2 (3d Cir. Jan. 14, 2025) ("The District Judge appropriately conducted a narrow review of the Magistrate Judge's report and recommendation for clear error or manifest injustice, because Seamon did not file objections to the report.").

Accordingly, in the absence of proper objections, the Court will review the Magistrate Judge's Report and Recommendation for clear error. Such error occurs when, in reviewing "the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *United States v. Griffith*, No. 23-2713, 2024 WL 5053426, at * 3 (3d Cir. Dec. 10, 2024) (citing *United States v. Caraballo*, 88 F.4th 239, 244 (3d Cir. 2023)).

### III. DISCUSSION

In reviewing Plaintiff's Reply Memorandum to the R&R (Dkt. No. 59), the Court finds that Plaintiff has not filed any specific objections to the Magistrate Judge's factual findings or legal conclusions in the R&R. Instead, Plaintiff purportedly provides additional factual information regarding his claims in response to the Magistrate Judge's statements in the R&R. Because Plaintiff does not "object" to the Magistrate Judge's R&R, the Court will give "reasoned consideration" to the R&R and any dispositive legal issues raised by reviewing the R&R for clear error.

#### A. Amended Complaint

Following a preliminary assessment of the Amended Complaint for compliance with Rule 8 of the Federal Rules of Civil Procedure, the Magistrate Judge recommends that the Amended Complaint be permitted to proceed. (Dkt. No. 43 at 14-18). First, the Magistrate Judge notes that although the 75-page Amended Complaint is "burdened with an excessive amount of background material," such background could be used to supply context for Plaintiff's claims and provide

6

Defendants fair notice of the claims in the Amended Complaint. *Id.* at 15. In addition, the Magistrate Judge finds that, notwithstanding the excessive amount of background information, the allegations are "well-organized and concise." *Id.* The Magistrate Judge further concludes that Plaintiff invokes federal question jurisdiction in the Amended Complaint by virtue of Plaintiff's 14th Amendment Due Process claim brought under 42 U.S.C. § 1983 and an unfair representation claim that can be "liberally" construed as a claim under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). *Id.* at 18. Thus, the Magistrate Judge does not recommend dismissal of the Amended Complaint under Rule 8 of the Fed. R. Civ. P. 8, but rather, recommends that the Amended Complaint be allowed to proceed. *Id.* at 17.

Upon the Court's independent review of the R&R, with reasoned consideration of the record, the Court finds no clear error in the Magistrate Judge's ruling that the Amended Complaint should be permitted to proceed, and will adopt the R&R in that regard.

### B.     Motion for Reconsideration

The Magistrate Judge recommends denying Plaintiff's Motion for Reconsideration. Although titled a Motion for Reconsideration, the relief that Plaintiff actually seeks is consolidation of the instant case with another matter that, at the time, had been removed from the Superior Court of the Virgin Islands to this Court ("Removal Matter"). (Dkt. No. 20). In the Motion for Reconsideration, Plaintiff states that he would like the Court to consolidate the instant matter and the Removal Matter because there is a "conspiracy involving [the] same defendants in both cases causing harm to Plaintiff." (Dkt. No. 6 at 2). Plaintiff also asserts that the "cases are so closely related that merging them would serve the interests of justice." *Id.*

The Magistrate Judge recommends denial of the Motion because Matthews does not provide anything other than conclusory statements in support of the consolidation of the cases.

7

(Dkt. No. 43 at 21). The Court does not find any clear error in the Magistrate Judge's conclusion. Further, the Removal Matter—which involves an appeal of a child support order—has since been remanded to the Superior Court of the Virgin Islands ("Superior Court") for lack of subject matter jurisdiction. *Matthews v. Gov't of Virgin Islands*, No. CV 24-0007, 2024 WL 3488404, at *1 (D.V.I. July 19, 2024).[4] Accordingly, this federal matter cannot be consolidated with the Removal Matter that now properly sits in the local Superior Court. *Silveus v. City of Brockton*, No. CIV.A. 14-10914, 2014 WL 6747088, at *1–2 (D. Mass. Nov. 26, 2014) (denying motion to consolidate state court action with federal action because the "state court action [was] not 'pending before the court' . . . pursuant to Fed. R. Civ. P. 42(a)); *Westfield Ins. Co. v. Hill*, No. 10-CV-123, 2010 WL 1996868, at *2 (N.D. Ind. May 17, 2010) (same). The Court will therefore adopt the Magistrate Judge's recommendation to deny Plaintiff's request for consolidation.

As the Magistrate Judge notes in the R&R, the Court referred Plaintiff's Motion for Reconsideration to the Magistrate Judge as a renewed motion for interim injunction. (Dkt. No. 43 at 18). In the Court's Order referring the case, the Court noted that because it had previously denied Plaintiff's Motion for Interim Injunction without prejudice due to the absence of a complaint, and Plaintiff had subsequently filed his Complaint, Plaintiff's Motion for Reconsideration could be construed as a renewed motion for interim injunction. (Dkt. No. 22). In the R&R, the Magistrate Judge recommends that, if the Motion for Reconsideration is considered as a request for the Court to rule on the Motion for Interim Injunction, it should be denied for failure to show irreparable

---

[4] The Magistrate Judge's recommendation that the Removal Matter be remanded to the Superior Court for lack of jurisdiction was adopted as modified by this Court on the grounds that Matthews was not a defendant and could not remove the action to this Court, and because the Complaint did not present diversity or federal question jurisdiction. *Matthews v. Gov't of Virgin Islands*, Civil Action No. 2024-0007, 2024 WL 3488404, at *1 (D.V.I. July 19, 2024).

8

harm.[5] (Dkt. No. 43 at 20). The Court finds no clear error in the Magistrate Judge's ruling in this regard.

In his Motion for Preliminary Injunctive Relief, Plaintiff requests that the Court issue him injunctive relief to prevent the use of his medical records from four of his prior medical providers because "Plaintiff has reason [to] believe that some or all those medical records are *likely* to contain fraudulent misdiagnoses and other significant [misinformation] that *can* cause damage to Plaintiff['s] reputation, imminent danger, *inter alia*, and certainty to cause *future* damages to Plaintiff['s] overall well-being." (Dkt. No. 1 at 1) (emphasis added). Plaintiff further alleges that those misdiagnoses are *designed* to cause irreparable damage to Plaintiff's reputation . . . up to Plaintiff's murder, cover up as a suicide using mental illness as an alibi, which is in progress." *Id.* at 3 (emphasis added).

The Magistrate Judge concludes that Plaintiff has not demonstrated irreparable harm because Plaintiff's medical records have been in existence, and that by placing the records on the Court's public docket, Plaintiff has undermined his argument that he faces irreparable harm. (Dkt. No. 43 at n.17). In addition, this Court further finds that Plaintiff has not demonstrated that he faces a "presently existing actual threat." *Holiday Inns of America, Inc.*, 409 F.2d at 618. Plaintiff

---

[5] Irreparable harm is one of the two "gateway factors" that the movant must establish at the outset in order to obtain injunctive relief. *Amalgamated Transit Union Loc. 85 v. Port Auth. of Allegheny Cnty.*, 39 F.4th 95, 102-103 (3d Cir. 2022); *see also Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018) ("The first two factors [likelihood of success on the merits and irreparable harm] are prerequisites for a movant to prevail."); *Greater Philadelphia Chamber of Com. v. City of Philadelphia*, 949 F.3d 116, 133 (3d Cir. 2020) ("[T]he moving party must establish the first two factors."). Irreparable harm is "potential harm [that] cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir. 1989); *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000). The movant must demonstrate both a "presently existing actual threat," *Holiday Inns of America, Inc. v. B & B Corporation*, 409 F.2d 614, 618 (3d Cir. 1969), and that the threatened harm is "of a peculiar nature, [such] that compensation in money cannot atone for it" after the fact. *Acierno*, 40 F.3d at 653.

only speculates about potential harm that can result from the use of his medical records and an alleged conspiracy to murder him and cover up such murder using his medical records. In sum, Plaintiff does not provide any specific facts beyond sheer speculation, which is insufficient to establish irreparable harm for purposes of obtaining injunctive relief. *See Rush v. Corr. Med. Servs., Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Acierno v. New Castle Cnty.,* 40 F.3d 645, 653 (3d Cir. 1994)) ("To show irreparable harm, a plaintiff must demonstrate a clear showing of immediate, irreparable injury; an injunction may not be used to eliminate the possibility of a remote future injury."); *Bradford v. Jordan*, No. CV 18-6730, 2018 WL 11328113, at *3 (C.D. Cal. Nov. 19, 2018) ("Plaintiff's speculative fear of a conspiracy to murder him by nearly 40 individuals does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."); *McMahon v. Johnson*, No. 12-CV-5878, 2014 WL 6886096, at *2 (E.D.N.Y. Dec. 8, 2014) (denying plaintiff's motion for preliminary injunction where plaintiff failed to show imminent harm but instead made conclusory allegations of wrongdoing towards him including "attempted murder through starvation" and "attempted portrayal of [plaintiff] as mentally unstable"). Accordingly, the Court will adopt the Magistrate Judge's recommendation as supplemented herein and deny Plaintiff's Motion for Interim Injunction on the merits.

      **C.**    **Remaining Motions**

The Magistrate Judge recommends that the Court deny as moot Kroblin's Motion to Dismiss for Improper Service (Dkt. No. 25) because Plaintiff filed an Amended Complaint thereby rendering that Motion moot. (Dkt. No. 43 at 22). Further, the Magistrate Judge recommends denying as moot Plaintiff's Motion to Dismiss Kroblin (Dkt. No. 36) and granting Plaintiff's subsequent Motion to Withdraw his Motion to Dismiss Kroblin (Dkt. No. 37). *Id.* After an independent review of the R&R and the Court's reasoned consideration of the record, the Court

finds no clear error in the Magistrate Judge's recommendations and will adopt his rulings in that regard.

## IV. CONCLUSION

For the reasons set forth above, the Court will adopt as supplemented herein Magistrate Judge Emile A. Henderson III's R&R (Dkt. No. 43). Specifically, the Court will permit the Amended Complaint (Dkt. No. 34-2) to proceed forward in the litigation; deny Plaintiff Richard Matthews' "Motion for Reconsideration" (Dkt. No. 6); deny Plaintiff's Motion for Interim Injunction (Dkt. No. 1) on the merits; deny as moot Defendant Christopher Kroblin's "Motion to Dismiss for Improper Service" (Dkt. No. 25); deny as moot Plaintiff's "Motion to Dismiss Christopher Kroblin from Lawsuit" (Dkt. No. 36); and grant Plaintiff's "Motion to Withdraw Plaintiff's Motion to Dismiss Christopher Kroblin from Lawsuit" (Dkt. No. 37).

An appropriate Order accompanies this Memorandum Opinion.

Date: March 31, 2025 _____/s/_____
WILMA A. LEWIS
Senior District Judge