<table>
<tbody>
<tr><td colspan="2" align="center"><b>DISTRICT COURT OF THE VIRGIN ISLANDS</b><br><br><b>DIVISION OF ST. CROIX</b></td></tr>
</tbody>
</table>

**RICHARD MATTHEWS,**

                    **Plaintiff,**

        **v.**

**JAMES R. GRIFFIN, RAY MARTINEZ,**
**KATHRYN B. JENSEN de LUGO,**
**DENISE MARSHALL, JEWEL V. OWEN,**
**G. RITA DUDLEY-GRANT, Ph.D., MPH,**
**ABPP; LINDSY WAGNER, Psy.D.,**
**Dr. LORI THOMPSON, Ph.D.**
**CHRISTOPHER KROBLIN,**

                    **Defendants.**

**1:24-cv-00005-WAL-EAH**

**TO:    Richard Matthews, *Pro Se***
**        Shari D'Andrade, Esq.**
**        Chivonne Thomas, Esq.**

## ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration of Order Denying Leave to Amend First Amended Complaint ("Motion for Reconsideration"), filed on October 16, 2025 by Plaintiff Richard Matthews, appearing pro se. Dkt. No. 145. In the motion, Mr. Matthews asks the Court to reconsider its October 9, 2025 Order that denied with prejudice his Motion for Leave to Amend his First Amended Complaint, Dkt. No. 137. The Court issues this Order without need for a response by any of the Defendants who have appeared. *See* LRCi 6.1(b)(6). For the reasons that follow, the Court will deny the Motion for Reconsideration.

*Matthews v. Griffin*
1:24-cv-00005-WAL-EAH
Order
Page 2

## BACKGROUND

The Court reproduces the relevant part of the background section from its October 9, 2025 Order, Dkt. No. 137, denying Mr. Matthews's Motion for Leave to Amend First Amended Complaint, Dkt. No. 135, to provide context for the instant Motion for Reconsideration.

> Mr. Matthews filed his original Complaint in May 2024. Dkt. No. 5. The Court granted him leave to file a First Amended Complaint, which he filed in June 2024. Dkt. No. 34. Throughout the case, Mr. Matthews has filed numerous motions for leave to file documents under seal based on purported nonpublic and sensitive information, internal agency logistics, and sensitive details relating to himself, to witnesses and other personnel where, according to him, such disclosure in the complaint and exhibits would compromise his privacy and expose him and third parties to potential retaliation. *See* Dkt. Nos. 58, 88, 94, 99, 100. In an Order issued on July 7, 2025, the Court denied *with prejudice* Mr. Matthews's motion for leave to redact and seal documents, after having provided him two previous opportunities to properly support his motions for redaction and sealing. Dkt. No. 108 (denying with prejudice); Dkt. Nos. 88, 98 (denying without prejudice and providing another opportunity to submit a properly supported motion to seal/redact).[1]

---

[1] In the July 7, 2025 Order, the Court considered a 103-page memorandum that Mr. Matthews filed in support of his requests for sealing and redaction that included extensive redactions to his First Amended Complaint to the extent that the Court observed that the redactions were "equivalent to sealing the entire document because it is impossible to discern anything about the Complaint from the text that is left unredacted." Dkt. No. 108 at 6. The Court also concluded that Mr. Matthews did not shoulder the heavy burden of showing that the material he wanted to redact was the kind of information the courts would protect, and that disclosure would work a clearly defined and serious injury to him. *Id*. at 10-11. The Court pointed out that all of the documents had been on the public docket for over a year, and Mr. Matthews had not pointed to any repercussions he had experienced as a result of that access, nor had the Defendants who had responded to the First Amended Complaint asserted that any documents on the docket had caused them any embarrassment, reputational harm, or other harassment. *Id*. at 11. The Court concluded that Mr. Matthews had put forth only broad allegations of harm, bereft of any specific examples, had not shown how the documents on the public docket would cause him any clearly defined and serious injury, and denied his motion with prejudice. *Id*. at 12-13.

In August 2025, Mr. Matthews filed his first Motion for Leave to File Second Amended Complaint ("SAC"). Dkt. No. 127. He stated that, after a July 16, 2025 show cause hearing that the Court held because Mr. Matthews had not properly served four Defendants, he had reviewed his current complaint and "identified several procedural and factual issues that required immediate attention." Dkt. No. 127 at 1. He therefore filed his first Motion for Leave to File Second Amended Complaint along with a motion that would permit the filing of the Second Amended Complaint and other documents under seal. Dkt. No. 128.

In an Order issued on August 14, 2025, the Court denied both motions. Dkt. No. 129. The Court explained that having issued three prior Orders denying Mr. Matthews's motions to seal, Dkt. Nos. 92, 98, 108, and having sifted through scores of pages of argument, none of which was meritorious, the Court was not going to reopen the sealing issue for yet another round of litigation, and denied his Motion to File Second Amended Complaint, plus exhibits, under seal. Dkt. No. 129 at 4-5.

As to Mr. Matthews's Motion for Leave to file a Second Amended Complaint, the Court ruled that it did not comply with Federal Rule of Civil Procedure 15(a)(2) and LRCi 15.1. Under LRCi 15.1, he was required to provide with his motion a redlined copy of the proposed Second Amended Complaint showing the text changes from his First Amended Complaint, in addition to providing a clean copy of the proposed Second Amended Complaint.[2] Dkt. No. 129 at 5. The Court surmised that Mr. Matthews's non-compliance with the Federal and Local Rules may have been occasioned by the fact that he sought to file the proposed SAC under seal and was waiting for that matter to be adjudicated before proceeding. But because the Court denied the motion to seal in that same Order, it would permit him another opportunity to file his Motion for Leave to Amend that complied with the rules. *Id.* at 6.

On October 2, 2025—the day before Mr. Matthews filed the instant Motion for Leave to Amend the First Amended Complaint—he filed yet another Motion

---

[2] LRCi 15.1 provides: "A party who moves to amend a pleading shall file the proposed amendment with the motion. Except as otherwise ordered by the Court, any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended specifically delineating the changes or additions and may not incorporate any prior pleading by reference. A proffered amended pleading must note prominently on the first page the numbered amendment it represents, *i.e.,* 1st, 2nd, or 3rd amendment."

*Matthews v. Griffin*
1:24-cv-00005-WAL-EAH
Order
Page 4

for Leave to File Documents under Seal. Dkt. No. 132. In this motion, he asked, once again, for leave to file his First Amended Complaint, his proposed Second Amended Complaint, and accompanying exhibits under seal. *Id.* The Court denied that motion the same day, noting that it had previously denied the same relief in August 2025. Dkt. No. 134.

When Mr. Matthews filed his instant Motion for Leave to Amend the First Amended Complaint, Dkt. No. 135, it did not contain a redlined version delineating the changes or additions proposed in the SAC or a clean copy of his proposed Second Amended Complaint. Dkt. No. 135. Rather, his 27-page memorandum of law attempted to explain the changes he anticipated making to his First Amended Complaint, both globally—for example, shifting focus from individual liability to institutional responsibility, but adding 19 "Liable-Relevant Individuals" in the caption without asserting their personal responsibility, and 34 "Employee Relevant Participants" who would not be alleged to bear direct responsibility—and specifically by, for example, adding four additional claims and two sub-claims (including violation of a 2009 Consent Decree). Dkt. No. 135-1 at 2-5. He argues that the proposed SAC has not been unduly delayed, is not the result of bad faith, that the Defendants have not been prejudiced, and the amendments are not futile. *Id.* at 13-24. He also filed a certificate of service that he served his Motion for Leave on the attorneys who have appeared in this case. Dkt. No. 136.

Dkt. No. 137 at 1-5. The Court held that because Mr. Matthews had not provided a redlined copy delineating the changes he wished to make in his SAC, or a clean copy of the SAC, as required by LRCi 15.1 and the August 14, 2025 Order, Dkt. No. 129, but maintained his already-denied request to file those documents under seal, the Court would deny his motion with prejudice. Dkt. No. 137 at 7. The Court added that, without a copy of the redlined version and clean version of the SAC accompanying his motion, it could not assess his motion, nor could the other parties that have appeared. In sum, his motion was completely insufficient to support his request for relief. *Id.* at 5.

*Matthews v. Griffin*
1:24-cv-00005-WAL-EAH
Order
Page 5

The October 9, 2025 Order was docketed at 3:49 p.m. Dkt. No. 137. At 5:48 p.m., Mr. Matthews filed a Second Motion for Leave to Amend his First Amended Complaint, along with six supplements, totaling 404 pages, including: (1) his memorandum of law, Dkt. No. 139-1; (2) a 170-page proposed Second Amended Complaint, Dkt. No. 139-2; (3) a redlined version of this Second Amended Complaint, Dkt. No. 139-3; (4) a "Placeholder Key" concerning "sensitive information" involving the Virgin Islands Police Department, Dkt. No. 139-4; and (5) the 2009 Consent Decree between the U.S. Department of Justice and the Virgin Islands, Dkt. No. 139-5.

A week later, on October 16, 2025, Mr. Matthews filed the instant Motion for Reconsideration. Dkt. No. 145. In the Motion, he observes that his October 3, 2025 filing (his Motion for Leave to Amend First Amended Complaint, Dkt. No. 135) did not attach the redlined copy of his proposed Second Amended Complaint nor the supporting exhibits. However, those documents were now "properly filed" as Dkt. Nos. 139 through 143 and "clarify institutional obligations and misconduct patterns central to the proposed amendments." Dkt. No. 145 at 2. He further explains that he had "already identified the omissions early in the morning of October 9"[3] and was preparing the corrected filing before the Court issued its Order. He filed the complete Rule 15.1 package thereafter, which demonstrated diligence and a "preexisting intent to correct the record—independent of the Court's ruling." *Id.* He asserts that he did not disregard the Court's instruction contained in

---

[3] It is unclear what "omissions" Mr. Matthews is referring to.

*Matthews v. Griffin*
1:24-cv-00005-WAL-EAH
Order
Page 6

its August 14, 2025 Order to comply with Local Rule 15.1; he exercised caution and "did not realize that the Court's Order had already authorized filing the Rule 15.1 materials together with the motion. The omission was inadvertent and not intended to circumvent the Court's directive." *Id.* Mr. Matthews adds that the 2009 Consent Decree was not previously considered and offers context that was absent from the prior filing. Further, the amendments correct a "captioning oversight" to allow him to pursue claims against institutional entities and others not included in the First Amended Complaint. *Id.*

Given this factual backdrop, Mr. Matthews argues that since he did not submit his full Rule 15.1 package (the SAC, the redlined version of the SAC, and supporting exhibits) with his October 3 filing, the Court did not consider it in its denial of his motion for leave to amend, which occurred without substantive review. *Id.* at 3. This prevented the Court from evaluating the "full scope and legal foundation" of the SAC, and reconsideration was warranted "to correct clear error and prevent manifest injustice." *Id.* He invokes Fed. R. Civ. P. 15(a)(2) that leave to amend must be freely granted when justice so requires and contends that the Court should prioritize substance over technicality, especially where the proposed amendment clarifies claims and does not prejudice the opposing party. *Id.* at 3-4. With regard to prejudice, he adds that the amendments—in particular, adding new defendants—are not newly introduced but reflect the full institutional scope of the alleged misconduct alleged in his First Amended Complaint. *Id.* at 4.

*Matthews v. Griffin*
1:24-cv-00005-WAL-EAH
Order
Page 7

In the alternative, he seeks relief under Fed. R. Civ. P. 59(e), permitting reconsideration within 28 days to correct clear error or consider newly presented evidence; to the extent the October 9, 2025 Order is a "final judgment," he seeks relief under Rule 60(b).[4] *Id.* at 1.

## DISCUSSION

### I.    Motions for Reconsideration

Pursuant to Local Rule of Civil Procedure 7.3, a motion for reconsideration "shall be based on: (1) an intervening change in controlling law; (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." LRCi 7.3(a). Motions for reconsideration "are not to be used as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *United States v. Matthias*, No. 3:19-cr-0069, 2022 WL 2157111, at *3 (D.V.I. June 15, 2022) (citation modified).

The "availability of new evidence" factor has been interpreted to mean newly discovered evidence or evidence that was unavailable at the time the initial order or decision was rendered. *See, e.g., Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) ("'We have made clear that new evidence, for reconsideration purposes, does not refer to evidence that

---

[4] Rule 59(e) is inapplicable here. It refers to altering or amending a judgment, and a judgment has not been entered in this case. Mr. Matthews cites Rule 60(b) to the extent the October 9, 2025 Order could be considered a final judgment. It cannot be so considered. The Court will therefore apply LRCi 7.3 that sets forth the standard for motions for reconsideration in this District.

*Matthews v. Griffin*
1:24-cv-00005-WAL-EAH
Order
Page 8

a party submits to the court after an adverse ruling. Rather, new evidence in this context

means evidence that a party could not earlier submit to the court because that evidence was

not previously available. Evidence that is not newly discovered, as so defined, cannot provide

the basis for a successful motion for reconsideration.") (citation modified). "[T]he moving

party has the burden of demonstrating the evidence was unavailable or unknown at the time

of the original hearing." *Interfaith Cmty. Org., Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 317-

18 (D.N.J. 2010).

> With regard to the correcting clear error or preventing manifest injustice prong,
>
> clear error exists if, "'after reviewing the evidence,' [the reviewing court is] 'left with
> a definite and firm conviction that a mistake has been committed.'" *Norristown Area
> Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*,
> 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider,
> manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive
> factual or legal matter that was presented to it." *Greene v. Virgin Islands Water &
> Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007
> U.S. Dist. LEXIS 64622, at *3, 2007 WL 2533894 (D.N.J. Aug. 30, 2007)). "Manifest
> injustice has also been defined as an 'error in the trial court that is direct, obvious,
> and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348
> (6th Cir. 2004)).
>
> Reconsideration is an extraordinary remedy and "should be granted sparingly" in
> accordance with its "stringent" standard. *Chesapeake Appalachia, L.L.C. v. Scout
> Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014), *aff'd sub nom. Chesapeake
> Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746 (3d Cir. 2016) (citation
> omitted); *see Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

*Simon v. Mullgrav*, No. 17-cv-0007, 2021 WL 4005585, at *3 (D.V.I. Sept. 1, 2021).

*Matthews v. Griffin*
1:24-cv-00005-WAL-EAH
Order
Page 9

## II.    Analysis

Mr. Matthews focuses on the fact that, when the Court adjudicated his Motion for Leave to Amend First Amended Complaint on October 9, 2025, it did not consider the full motion on a substantive basis because he had filed his proposed Second Amended Complaint, the redlined copy, and accompanying exhibits *after* the Court denied his motion, with prejudice, earlier that day. He invokes the "clear error or manifest injustice" and "new evidence" prongs of reconsideration as the bases for his motion. Neither prong applies.

A court may only "reconsider" what was originally before it when it made its decision that a party is asking it to reconsider, or it may consider new evidence that was not available when it made its decision. Here, Mr. Matthews is asking the Court to consider purportedly "dispositive factual or legal matter" that was submitted *after* it made its decision which, by definition, cannot be the basis for a reconsideration motion. *Blystone*, 664 F.3d at 415-16.

Moreover, the redlined version of the SAC, the SAC itself, and the exhibits filed two hours after the Court issued its October 9, 2025 Order did not constitute "new evidence." It was clear that Mr. Matthews had access to those documents when he filed his October 3, 2025 motion for Leave to Amend his First Amended Complaint,[5] but deliberately chose not

---

[5] His Motion for Leave to File Second Amended Complaint, filed on August 13, 2025, indicated that he would file his Second Amended Complaint, which he described in detail, under seal. Dkt. No. 127. In his Motion for Leave to Amend First Amended Complaint, filed on October 3, 2025, Dkt. No. 135-1, Mr. Matthews referred to his "full compliance" with LRCi 15.1 that included the submission of a redlined copy of the proposed amendments which, although not attached to that motion, indicates that the redlined copy and the Second Amended

to include them with that motion, despite the Court's August 14, 2025 Order stating that he had to do so, and giving him one more opportunity to properly seek that relief. Dkt. No. 129 at 5-6. Instead, he chose to press his position that he would provide those documents under seal, once the Court granted his motion for leave to amend, *see, e.g.* Dkt. No. 135-1 at 24-25, despite the Court making it clear it would not seal those documents, *see, e.g.*, Dkt. No. 92, 98, and 108 (denying motion to seal with prejudice). It must also be pointed out that the Court denied his Motion to Amend First Amended Complaint with prejudice, Dkt. No. 137, meaning that it was an adjudication on the merits and precluded future claims, *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020), but Mr. Matthews filed his Second Motion to Amend Complaint two days later, Dkt. No. 139.

In *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237 (3d Cir. 2010), the Third Circuit affirmed a district court order that denied reconsideration under similar circumstances found here. It wrote:

> The stated aim of the Plaintiffs' motion was to submit the very evidence the District Court had found they had failed to present in their summary judgment motion. However, "new evidence," for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available. *See De Long Corp. v. Raymond Int'l, Inc.,* 622 F.2d 1135, 1139–40 (3d Cir.1980), *overruled on other grounds by Croker v. Boeing Co.,* 662 F.2d 975 (3d Cir.1981) (en banc). Nothing in the record suggests that the evidence the Plaintiffs sought to present post-summary judgment was unavailable to them when they filed their summary judgment motion. Under these circumstances,

---

Complaint had been fully drafted, *id.* at 1; *see id.* at 3 ("Plaintiff notes that the SAC was fully prepared and notarized prior to the Plaintiff's appearance at the Courthouse").

*Matthews v. Griffin*
1:24-cv-00005-WAL-EAH
Order
Page 11

> the District Court did not abuse its discretion in denying the Plaintiffs' motion
> for reconsideration, and we therefore will not upset that ruling. *See Harsco,*
> 779 F.2d at 909 (district court correctly did not consider affidavit filed after
> summary judgment was granted because it "was available prior to the
> summary judgment").

*Id.* at 251-52. Even if this Court were to consider the proposed SAC as "evidence," the fact is that it could have been filed, at the very least, with his October 3, 2025 Motion for Leave to Amend First Amended Complaint, Dkt. No. 135, but Mr. Matthews chose not to do so. Therefore, the same result in *Howard Hess Dental Labs* obtains here.

Mr. Matthews's motion for reconsideration is nothing more than a "vehicle for registering disagreement with the court's initial decision," *Matthias*, 2022 WL 2157111, at *3. He has refused to heed Court Orders in pursuing his litigation strategy and has failed to satisfy the requirements for reconsideration, a sparingly-exercised extraordinary remedy. *Simon*, 2021 WL 4005585, at *3

Accordingly, for the reasons cited above, it is hereby **ORDERED** that Plaintiff's Motion for Reconsideration of Order Denying Leave to Amend First Amended Complaint, Dkt. No. 145, is **DENIED**.

ENTER:

Dated: October 21, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE